### DYER and another *v.* NATIONAL HOD ELEVATING Co.

*(Circuit Court, E. D. Pennsylvania.    April 28, 1885.)*

PATENTS FOR INVENTIONS—SCOPE OF INVENTION.
  A patent for a mere improvement in the department of mechanics to which it belongs, must be limited to the arrangement of the device claimed as new, and cannot be so expanded as to embrace different substituted devices that perform some of the functions of the patent, or produce the same general effect.

In Equity.
*Joshua Pusey,* for complainant.
*Charles Howson, contra.*

McKENNAN, J.    As the patent in this case is for an improvement merely in the department of mechanics to which it pertains, it must be limited in its scope to the "arrangement" of devices described and claimed in it as new; and it cannot be expanded to apply to substituted devices, different in character and dissimilar in form, merely because they perform some of the intended functions of the patented devices, ·or because the same general result is effectuated by both.

The second claim of the patent—which is the only one necessary to be considered—is for the "arrangement of the ropes or cables, *m, m,* clamp-bolts, *i, i,* and cross-bars, J, J, substantially as and for the purposes set forth."    This "arrangement," as described, provides for the use of two cross-bars, to be attached to the ropes or cables at each end by means of clamp-bolts, which pass through the cross-bars, and encircle the cables, and thus hold the bars in place by pressure upon the cables, by relaxing which pressure the cross-bars may be moved up or down, and any desired adjustment in length of the cables be secured.    In the upper cross-bar are V-shaped notches for holding hods filled with bricks or mortar, which are prevented from tilting by the lower cross-bar, against which the handles of the hod rest.    In this "arrangement" it is obvious that notches capable of holding clamp-bolts in place by compression, clamp-bolts, and two cross-bars, are essential constituents.

In the hoisting apparatus made and used by defendant, a cable of different material and form, and without the essential capabilities of the cable described in the patent, is employed; and in no sense, except that of carrying the weight to be lifted, can it be regarded as an equivalent of·the latter.    It is made of iron, with links of a peculiar

form, so that it is altogether unadapted to the application of clamp-bolts, the use of which is indispensable to the adjustability of the cable. Hence it lacks an essential feature of the patented "arrangement." Besides this, the cross-bar, which sustains the hods, is attached to the cable by a depression in one of the links, in which it rests, and is held by a simple screw passing through the cross-bar and the cable link. And, finally, but one cross-bar is used, in which are V-shaped notches to hold the hods, which are prevented from tilting by bars projected from each side of the V. With these notable differences in form and function, these devices cannot be identified by any rule of equivalency, and hence we cannot adjudge the defendant guilty of infringement.

The bill is dismissed, with costs.